1  PHILLIP A. BAKER, BAR ID #169571
   THOMAS R. BEINDORF, BAR ID #204311
2  BAKER, KEENER & NAHRA
   633 West 5th Street
3  Suite 5400
   Los Angeles, California 90071
4  Telephone: (213) 241-0900
   Facsimile: (213) 241-0990
5

6  Attorneys for Defendant
   BILTBEST OF CALIFORNIA, INC.
7

8                  UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO)

10
   DURRWIN and SANDRA LANKFORD,          Case No.:
11 individually and on behalf of all others similarly
   situated,                            CLASS ACTION
12
                    Plaintiffs,
13                                        NOTICE OF REMOVAL OF ACTION
   vs.                                    UNDER 28 U.S.C. Section 1441(b)
14                                        (DIVERSITY)
   BILTBEST PRODUCTS, INC., a Delaware
15 corporation; BILTBEST OF CALIFORNIA,
   INC., a Delaware corporation; BILTBEST
16 WINDOWS, an unknown business entity;
   BILTBEST WINDOWS AND PATIO DOORS,
17 an unknown business entity; MW
   MANUFACTURERS, INC., a Delaware
18 corporation; MW MANUFACTURERS
   HOLDINGS CORP., a Delaware corporation;
19 U.S. INDUSTRIES, INC., an unknown business
   entity; and DOES 1-100, inclusive,
20
                    Defendants.
21

22 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

23       PLEASE TAKE NOTICE that defendant, BILTBEST OF CALIFORNIA, INC. (hereinafter

24 "Removing Defendant") and hereby removes to this Court the action commenced in the Superior Court

25 of the State of California in and for the County of Sacramento, entitled *DURRWIN and SANDRA*

26 *LANKFORD, individually and on behalf of all others similarly situated v. BILTBEST PRODUCTS,*

27 *INC., BILTBEST OF CALIFORNIA, INC., et al.*, Sacramento County Superior Court Case No.

28

520-3142-0050

*05AS00624.* Removing Defendant removes this case to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1441 and 1446.

## I.   COMPLIANCE WITH STATUTORY REQUIREMENTS

1.   In accordance with 28 U.S.C. § 1446(a), attached as Exhibit **"A"** hereto is a true and correct copy of the Complaint filed in the Superior Court action. Removing Defendant notes that a delivery was made by personal service on the CT Corporation on May 10, 2005, which enclosed a copy of the Complaint. Defendant is waiving the requirement that the Summons and Complaint be duly served on it and is filing concurrently herewith its Answer and Counterclaim. There are six other defendants named in this Superior Court action. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

2.   Pursuant to 28 U.S.C. § 1446(d), Removing Defendant will provide written notice of removal of this action to plaintiff and are filing a separate Notice of Removal to Adverse Party concurrently herewith. Removing Defendant will also file a copy of this Notice of Removal with the Clerk of the Superior Court of California in and for the County of Sacramento. Additionally, Removing Defendant is filing a Notice of Removal with the Attorney General for the State of California herewith and is also providing a courtesy copy of their Answer and Counterclaim to the Attorney General.

## II.   STATEMENT OF GROUNDS FOR REMOVAL

3.   This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Removing Defendants pursuant to 28 U.S.C. § 1441, in that there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

### A.   Diversity Jurisdiction

4.   Upon information and belief, plaintiffs Durrwin and Sandra Lankford are, and at the time of the filing of the Complaint were, citizens of the State of California. The Removing Defendant is, and was at the time of the filing of the Complaint, a defunct corporation incorporated under the laws of the State of Delaware. BILTBEST OF CALIFORNIA, INC. has no principal place of business in

the State of California, as it no longer conducts business and has not conducted business in California for years. This entity is not a citizen of California.

5.     BILTBEST WINDOWS & PATIO DOORS and BILTBEST WINDOWS are incorporated under the laws of the State of Missouri and have their principal place of business in the State of Missouri. These entities are not citizens of California.

6.     BILTBEST PRODUCTS, INC. is incorporated under the laws of the State of Delaware and had its principal place of business in the State of Missouri. This entity is not a citizen of California.

8.     MW MANUFACTURERS, INC. and MW MANUFACTURERS HOLDINGS CORP. entities incorporated in the State of Delaware and have their principal place of business in Virginia. These entities are not citizens of California.

9.     U.S. INDUSTRIES, INC. is incorporated in the State of Delaware and has its principal place of business in Florida. This entity is not a citizen of California.

10.    The citizenship of unidentifiable "Doe" Defendants 1 through 100 is irrelevant for purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1441(a). Therefore, there is complete diversity between the parties.

**B.     Amount in Controversy**

11.    The amount in controversy requirement is satisfied. The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. (*Hunt v. Washington State Apple Advertising Comm'n.*, 432 U.S. 333, 347-348, 97 S.Ct. 2434, 2443-2444 (1977).)

12.    Although plaintiffs has not stated the amount of damages that they seek, it is "facially apparent" from their Complaint that the claims, exclusive of interest and costs, exceeds $75,000.

13.    In this regard, Plaintiffs' claims against the Removing Defendant arises from the installation of Defendants' products in their single-family residence which Plaintiffs allege were defectively designed and/or manufactured. (Superior Court Complaint, paras. 3, 22, and 23.) Furthermore, Plaintiffs brought their action on behalf of themselves, and all others similarly situated, via a class action lawsuit, inclusive of all California Property owners of single family dwellings

520-3142-0050

- 3 -

1   containing Defendants alleged defective products. (Superior Court Complaint, paras. 3,4, 22,23, and

2   24.)

3       14.   Plaintiffs make claims for Strict Products Liability, Breach of Warranty (Fitness),

4   Breach of Warranty (Merchantibility), Breach of Express Warranty, and Negligence based on the

5   installation of Defendant's aluminum window products including horizontal sliding windows, hung

6   windows, sliding glass doors and fixed windows, including but not limited to the 7500 series windows,

7   in Plaintiffs' home, all residential and commercial buildings, owned by the putative class members.

8   (Superior Court Complaint, paras. 3, 4, 22, 23,35,44,45,52,53,57,and 60.)

9       15.   Finally, Plaintiffs alleges actual damages for diminution of property value and cost of

10   repair and/or replacement of all Defendants' allegedly defective windows and sliding glass doors in all

11   California Homes. (Superior Court Complaint, par. 24, 39 and Prayer.)

12      16.   When it is "facially apparent" that the claim exceeds $75,000, then the "amount in

13   controversy" element of removal jurisdiction is met. (*Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298

14   (5th Cir. 1999); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).)

15      17.   Under the foregoing standards, this case satisfies the amount in controversy requirement

16   and Removing Defendant may remove this matter to Federal Court based on diversity jurisdiction.

17      WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446, defendant BILTBEST OF

18   CALIFORNIA, INC. removes this case from the Superior Court of the State of California in and for

19   the County of Sacramento, to the United States District Court for the Eastern District of California.

20

21   DATED: June 8, 2005                    BAKER, KEENER & NAHRA

22

23                                         By _____

24                                             PHILLIP A. BAKER
                                               THOMAS R. BEINDORF
25                                             Attorneys for Defendant
                                               BILTBEST OF CALIFORNIA, INC.

26

27

28

# EXHIBIT "A"
## (to Notice of Removal)

FILED
ENDORSED

05 APR 14  PM 4:05

LEGAL PROCESS #3

1  VERBOON, MILSTEIN & PETER, LLP
2  Wayne S. Kreger, State Bar No. 154759
   Paul D. Stevens, State Bar No. 207107
3  Laura N. Everman, State Bar No. 227743
4  2800 Donald Douglas Loop North
   Santa Monica, California 90405
5  TEL: (310) 396-9600 FAX: (310) 396-9635

6  Attorneys for Plaintiffs

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SACRAMENTO

10

11  DURRWIN AND SANDRA LANKFORD,          )   CASE NO. 05AS00624
    individually and on behalf of all others similarly  )
12  situated,                             )   CLASS ACTION
                                          )
13              Plaintiffs,               )   FIRST AMENDED COMPLAINT FOR
                                          )   DAMAGES:
14       vs.                              )
                                          )   1.  STRICT PRODUCTS LIABILITY
15  BILTBEST PRODUCTS, INC., a Delaware   )   2.  BREACH OF IMPLIED WARRANTY
    corporation; BILTBEST OF CALIFORNIA,  )       (FITNESS)
16  INC., a Delaware corporation; BILTBEST )  3.  BREACH OF IMPLIED WARRANTY
17  WINDOWS, an unknown business entity;  )       (MERCHANTIBILITY)
    BILTBEST WINDOWS AND PATIO DOORS,     )   4.  BREACH OF EXPRESS
18  an unknown business entity; MW        )       WARRANTY
    MANUFACTURERS, INC., a Delaware       )   5.  NEGLIGENCE
19  corporation; MW MANUFACTURERS         )
    HOLDING CORP., a Delaware corporation; U.S. )
20  INDUSTRIES, INC., an unknown business )
21  entity; and DOES 1-100, inclusive,    )
                                          )
22              Defendants.               )   BY FAX
                                          )
23

24       Plaintiffs DURRWIN AND SANDRA LANKFORD (hereinafter "Plaintiffs"), on behalf of

25  themselves and all others similarly situated, allege as follows:

26  ///

27  ///

28  ///

                                          1

10908804.txt - 4/14/2005 2:08:38 PM

EXHIBIT A

1

## NATURE OF THE ACTION

2      1.  Plaintiffs are individuals residing in the County of Sacramento, State of California and are

3  owners of a mass-produced, single family home.  Plaintiffs' home is located in the City of Elk

4  Grove, County of Sacramento.

5      2.  Aluminum windows manufactured, mass-produced and distributed by all named defendants

6  and DOES 1-100 inclusive, hereafter collectively referred to as "Defendants," were installed in

7  Plaintiffs' home.

8      3.  The windows installed in Plaintiffs' home include Defendants' aluminum horizontal sliding

9  windows, aluminum hung windows, aluminum sliding glass doors, and aluminum fixed windows.  The

10  windows installed in Plaintiffs' home include, but are not limited to, series number 7500.  Said

11  windows and sliding glass doors are hereinafter collectively referred to as "Window Products."

12      4.  The Window Products installed in Plaintiffs' home, as well as the buildings, residential and

13  commercial, owned by the putative class members (collectively and individually referred to herein

14  as "Properties"), were defectively designed and/or manufactured as set forth herein.

15

## JURISDICTION AND VENUE

16      5.  This Court has jurisdiction over all causes of action asserted herein pursuant to the

17  California Constitution, Article VI, § 10, because this case is a cause not given by statute to other

18  trial courts.

19      6.  Defendants are corporations or other business entities which engaged in business activities in

20  Sacramento County, State of California.

21      7.  Venue as to each defendant is proper in this judicial district, pursuant to Code of Civil

22  Procedure sections 395(a) and 395.5.  Each Defendant transacts business in the County of

23  Sacramento and is within the jurisdiction of this Court for purposes of service of process.  The

24  claims alleged herein arise from the installation of Defendants' Window Products in Plaintiffs'

25  home, located in the City of Elk Grove, County of Sacramento.

26  ///

27  ///

28  ///

*Verboon, Milstein & Peter, LLP*
*2800 Donald Douglas Loop North*
*Santa Monica, CA 90405*

2

**THE PARTIES**

8.  Plaintiffs are, and at all relevant times were, residents of Sacramento County, State of California.  Plaintiffs' home contains Window Products designed and manufactured by Defendants.

9.  Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned and material hereto that defendant BILTBEST PRODUCTS, INC. is and/or was a Delaware corporation authorized to conduct business in California and is engaged in business in the County of Sacramento, and other California counties.

10. Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned and material hereto that defendant BILTBEST OF CALIFORNIA, INC. is and/or was a Delaware corporation authorized to conduct business in California and is engaged in business in the County of Sacramento, and other California counties.

11. Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned and material hereto that defendant BILTBEST WINDOWS, an unknown business entity, is authorized to conduct business in California and is engaged in business in the County of Sacramento, and other California counties.

12. Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned and material hereto that defendant BILTBEST WINDOWS AND PATIO DOORS, an unknown business entity, is authorized to conduct business in California and is engaged in business in the County of Sacramento, and other California counties.

13. Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned and material hereto that defendant MW MANUFACTURERS, INC. is and/or was a Delaware corporation authorized to conduct business in California and is engaged in business in the County of Sacramento, and other California counties.

14. Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned and material hereto that defendant MW MANUFACTURERS HOLDING CORP. is and/or was a Delaware corporation authorized to conduct business in California and is engaged in business in the County of Sacramento, and other California counties.

Verboon, Milstein & Peter, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

3

FIRST AMENDED [CLASS ACTION] COMPLAINT FOR DAMAGES

15. Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned and material hereto that defendant U.S. INDUSTRIES, INC., an unknown business entity was authorized to conduct business in California and is engaged in business in the County of Sacramento, and other California counties.

16. Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned and material hereto that defendants BILTBEST PRODUCTS, INC., BILTBEST OF CALIFORNIA, INC., BILTBEST WINDOWS, BILTBEST WINDOWS AND PATIO DOORS, MW MANUFACTURERS, INC., MW MANUFACTURERS HOLDING CORP., and U.S. INDUSTRIES, INC. designed, manufactured, marketed, sold, supplied and delivered Window Products to real estate developers, contractors and individual Property owners with the intention and expectation that the Window Products would be installed in Properties throughout the State of California.

17. The names and capacities, whether individual, corporate, associate, partnership limited liability company, or otherwise of the Window Products' designers, testers, researchers, engineers, assemblers, manufacturers, producers, makers, fabricators, resellers, distributors, and of the real estate developers, builders, contractors, subcontractors who placed the Window Products into the Plaintiffs and all class members' Property in California, and/or their alter egos sued herein as DOES 1 through 100 inclusive, are presently unknown, and Plaintiffs will amend the Complaint to insert the same after the true names and capacities are ascertained. Plaintiffs are informed and believe and based thereon allege that each of these Doe Defendants was a resident of said Counties and/or State and/or had or have principal offices or were doing business in said Counties and the State of California and were and are legally responsible, by their acts, omissions, or in some other way, for the happenings and damages alleged in this Complaint.

18. Plaintiffs are informed and believe and based thereon alleged that, at all times herein mentioned, each of the Defendants sued herein was the agent or employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency or employment and acted with authority and approval to bind the other Defendants to liability arising from their acts or omissions.

Verboon, Milstein & Peter, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

4

1    19. Defendants and each of them, at all times herein mentioned, were in the business of

2    designing, manufacturing, marketing, selling and mass producing and/or distributing Window

3    Products within Sacramento county and other California counties, and selling them to members of

4    the public at large, building contractors, real estate developers and retailers for installation in

5    Property, or were real estate developers, builders or contractors that inserted the Window Products

6    in the Plaintiffs and all class members' Property.

7    20. Defendants and each of them, designed, manufactured, marketed, sold and mass produced

8    and distributed Window Products and/or otherwise participated in the stream of commerce for sale

9    of the Window Products, including but not limited to, hundreds of subdivisions and Property

10   throughout the State of California, into which said Window Products have been installed.

11   21. At all times herein mentioned and material hereto, Defendants knew and intended that the

12   Window Products would be purchased by building contractors, real estate developers and individual

13   Property owners for installation into Property throughout the State of California, and that buyers of

14   said homes would cause the Window Products to be installed in their Property or buy their homes

15   with Window Products inserted into them.

16   **CLASS ALLEGATIONS**

17   22. Plaintiffs bring this action as a class action on their own behalf, and on behalf of all

18   individual Property owners within the State of California into whose Properties the Window

19   Products have been inserted. The class which Plaintiffs seek to represent is composed of all owners

20   of attached and detached homes, and any and all other buildings, including, but not limited to

21   commercial and industrial buildings, into which Defendants' Window Products have been installed,

22   wherever located in the State of California (hereafter referred to as the "Plaintiff Class").

23   23. This action involves predominantly common questions of law or fact. Plaintiffs' claims are

24   typical of those of the class members. Plaintiffs allege, herein in greater detail, that said Window

25   Products are all inherently defective, were inherently defective when made, and when each left

26   Defendants' possession and control, and that they are inherently defective as they now exist in

27   Properties throughout California.

28

Verboon, Milstein & Peter, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

FIRST AMENDED [CLASS ACTION] COMPLAINT FOR DAMAGES

24. There is a well-defined community of interest in the questions of law and fact involved and that affect the Plaintiff Class in that all Plaintiffs' Properties contain Window Products manufactured by Defendants, and they all suffer from inherent and common defects that are breaches of implied warranties of merchantability, fitness for intended purpose that the Window Products would be free from defects and express warranties that the Window Products would perform in conformance with industry standards, including but not limited to AAMA standards. These questions of law and fact predominate over questions that affect only individual class members.

25. The persons in the class are so numerous, consisting of all California Property owners with the Window Products in their Properties that the joinder of all such persons individually as named plaintiffs in this case is impracticable, and the disposition of their claims in this case and as part of a single class action lawsuit, rather than thousands of individual lawsuits, will benefit the parties and greatly reduce the aggregate judicial resources that would be spent if this matter were handled as hundreds of separate lawsuit. Plaintiffs are informed and believe that a great amount of time and expense will be saved by conducting the discovery, and presentation of evidence about the inherent defects in the Window Products in a single class action lawsuit, in contrast to the repeated discovery and presentation of evidence in hundreds of separate lawsuits brought on the common questions presented by the allegations of this complaint.

26. Plaintiffs know of no difficulty that will be encountered in the management of this litigation, which would preclude its maintenance as a class action.

27. Plaintiffs' claims are typical of the claims of the Plaintiff Class, and Plaintiffs will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiffs have retained competent and experienced counsel in class action and other complex litigation.

28. The separate prosecution by thousands of individual members of the Plaintiff Class would likely establish inconsistent standards of conduct for Defendants and result in the impairment of and potential harm to the Plaintiff Class' rights and the disposition of their interests through actions to which they were not parties.

Verboon, Milstein & Peter, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

FIRST AMENDED [CLASS ACTION] COMPLAINT FOR DAMAGES

29. There is a well defined community of interest in this matter and the Plaintiff Class is identifiable and ascertainable. The names and addresses of members of the Plaintiff Class are available through business or public records that Plaintiffs have the right to and will obtain through the exercise of their discovery rights and/or access to public records. Notice can be provided to the Plaintiff Class via first class mail using techniques and a form of notice similar to those customarily used in class actions, and by radio, newspapers, television and internet publication.

30. The inherent defects in the Window Products are defects that were not apparent to Plaintiffs by reasonable inspection at the time they purchased the Window Products, or first occupied or used their Property.

## FIRST CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY

31. Plaintiffs repeat and reallege Paragraphs 1 through 30, inclusive, and incorporate the same as if repeated in full herein.

32. Defendants, and each of them, at all times herein mentioned were in the business of designing, and mass manufacturing, producing, distributing and selling the Window Products in the State of California, and into other states, to members of the public at large, to building contractors, and real estate developers for their installation into the Plaintiffs' Property. Defendants and each of them, designed, developed, assembled, manufactured, marketed, mass produced, distributed and sold the Window Products and/or otherwise participated in the stream of commerce for sale of the Window Products that were installed into Plaintiffs' Property.

33. At all times herein mentioned and material hereto, Defendants knew and intended that the Window Products would be purchased by members of the public at large, by building contractors, and real estate developers and used by them without inspection and testing for defects before they were inserted into Properties. Plaintiffs are lay people and lack the knowledge and understanding to inspect the Window Products, and lacked the ability to test the windows, to know whether a defect did exist at the time they purchased their Property or the Window Products themselves.

34. Plaintiffs have Defendants' Window Products inserted into their Property.

Verboon, Milstein & Peter, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

FIRST AMENDED [CLASS ACTION] COMPLAINT FOR DAMAGES

35. At the time of the Property purchase by Plaintiffs, the Window Products were defective and unfit for their intended purposes because the Window Products contained inherent defects in their manufacture and/or design, which have resulted in foreseeable damage to the Property and its component parts. The Window Products installed in Plaintiffs' Property were not changed or altered after leaving Defendants' possession.  The defects include, but are not limited to the following: failure of insulated glass units, failure of frame corners to keep water within the window frame,, defective weather-stripping and weep systems, failure of mulled and stacked windows to keep water out of wall systems and building interiors, failure to resist water and air intrusion and infiltration beyond the Window Products' frames and other parts and components of the Window Products and into the wall systems, cavities or the interior of the Property.

36. The above-referenced defects have resulted in property damage.

37. The above-specified claims involve predominantly common questions of law or fact, are typical of claims attributable to all Properties in the State of California into which Defendants' Window Products have been installed.

38. The inherent defects alleged hereinabove are defects that were not apparent by reasonable inspection of the Properties or Window Products at the time the contractors, builders or real estate developers purchased the Window Products, or at the time members of the Plaintiff Class individually purchased the Window Products or purchased their Properties.

39. Because of the defective conditions of the Window Products as hereinabove alleged, Plaintiffs have defective Window Products in their Property that need to be removed and replaced with non-defective windows and doors and are informed and believe they have property damage in their Property caused by the Window Products as follows:

(a)    Plaintiffs have been damaged through the diminution in value of the Property and the cost to repair or replace the Window Products.  Plaintiffs are unaware of the precise amount of such damage but will establish such amount at time of trial.

(b)    Plaintiffs have been forced to retain expert consultants to analyze and determine the method of repairing the aforementioned defective Window Products.  Plaintiffs are

Verboon, Milstein & Peter, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

8

Verboon, Milstein & Peter, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1   unaware of the precise amount of such damage but will establish such amount at time

2   of trial.

3   (c)   Plaintiffs have been forced to retain attorneys to prosecute this action against

4   Defendants. Plaintiffs are entitled to recover attorneys' fees pursuant to <u>Code of Civil</u>

5   <u>Procedure</u> § 1021.5.

6   40. Defendants, and each of them, as manufacturers, mass producers, distributors and sellers of

7   Window Products, and/or otherwise having placed their Window Products within the stream of

8   commerce, are strictly liable and responsible to Plaintiffs for all damage suffered as a result of the

9   above described defects and deficiencies in the Window Products.

10   **SECOND CAUSE OF ACTION**

11   **BREACH OF IMPLIED WARRANTY OF FITNESS**

12   41. Plaintiffs repeat and reallege Paragraphs 1 through 40 inclusive, and incorporate the same as

13   if repeated in full herein.

14   42. At all times herein mentioned and material hereto Defendants were and now are the

15   manufacturers, merchants and sellers of newly manufactured Window Products, the type of

16   merchandise sold to Plaintiffs as hereinabove alleged.

17   43. Plaintiffs are informed and believe and based thereon allege that Defendants entered into

18   agreements with the builder, developer, and/or contractors of the Property to supply Window

19   Products for installation in Plaintiffs' Property. Plaintiffs were the intended and/or incidental third

20   party beneficiaries of these subcontracts and of all warranties, express and implied, made to those

21   who purchased the Window Products from Defendants.

22   44. Defendants, and each of them, at the time and place of the sale of each Window Product,

23   impliedly warranted to the builder, developer, contractor, or Owner of the Property and to each

24   Plaintiff that the Window Products were properly manufactured and/or designed and fit for use as

25   windows and sliding glass doors; e.g. they would not leak.

26   45. The Window Products of the Plaintiffs were not properly manufactured and/or designed,

27   and not fit for their intended use, and were defective as previously alleged herein in paragraph 19.

28

9

1    46. The defects described hereinabove caused by the breaches of warranty by Defendants, and

2    each of them, were defects not apparent by reasonable inspection of the Window Products at the

3    time of purchase.   The defects and damages were latent and were not reasonably apparent to the

4    Plaintiffs.

5    47. Because of the foregoing breaches of implied warranty by Defendants, and each of them,

6    Plaintiffs have been specifically damaged as hereinabove alleged in paragraphs 19, 20 and 23.

7                                 **THIRD CAUSE OF ACTION**

8                **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

9    48. Plaintiffs repeat and reallege Paragraphs 1 through 47 inclusive, and incorporate the same as

10   if set forth in full herein.

11   49. At all times herein mentioned and material hereto Defendants were and now are the

12   manufacturers, merchants and sellers of newly manufactured Window Products, the type of

13   merchandise sold to Plaintiffs as hereinabove alleged and described.

14   50. Plaintiffs are informed and believe and based thereon alleged that Defendants entered into

15   agreements with the builder, developer, contractors, and owners of the Property to supply Window

16   Products for installation in Plaintiffs' Property.  Plaintiffs were the intended and/or incidental third

17   party beneficiaries of these subcontracts.

18   51. Defendants, and each of them, at the time and place of the sale of each Window Product,

19   impliedly warranted to the builder, developer, and/or general contractor of the Property and to each

20   Plaintiff that the Window Products were properly designed and manufactured and of merchantable

21   quality; e.g. they would not leak.

22   52. The Window Products were not properly designed or manufactured, and are not of

23   merchantable quality, in that they were defective as previously alleged hereinabove in paragraph 19.

24   53. The defects described hereinabove caused by the breaches of warranty by Defendants, and

25   each of them, were defects not apparent by reasonable inspection of the Window Products at the time

26   of purchase.  The defects and damages were latent and were not reasonably apparent to Plaintiffs.

27   54. Because of the foregoing breaches of implied warranties by Defendants, and each of them,

28   Plaintiffs have been specifically damaged as hereinabove alleged in paragraphs 19, 20 and 23.

Verboon, Milstein & Peter, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

FIRST AMENDED [CLASS ACTION] COMPLAINT FOR DAMAGES

## FOURTH CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

55. Plaintiffs repeat and reallege paragraphs 1 through 54 inclusive, and incorporate the same as if set forth more fully herein.

56. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, made different express warranties, including, but not limited to warranties that the Window Products would be free from defects and would perform in conformance with AAMA standards.

57. As stated hereinabove, the Window Products are not free of defects and, in fact, suffer from defects in the material and workmanship, including, manufacturing and/or design as more fully described in paragraph 19 above, and do not perform in conformance with AAMA standards. The failure of the Window Products to perform as expressly warranted by Defendants has caused Plaintiffs damages as herein described.

## FIFTH CAUSE OF ACTION

## NEGLIGENCE

58. Plaintiffs repeat and reallege paragraphs 1 through 57 inclusive, and incorporate the same as if set forth more fully herein.

59. Defendants, and each of them, owed a duty to Plaintiffs to exercise reasonable care in the research, design, development, manufacture, assembly, inspection, and shipment of the above described Window Products, and knew or should have known that the Plaintiffs would suffer damages if Defendants negligently and carelessly researched, designed, developed, manufactured, assembled, inspected, marketed, sold and shipped the Window Products to consumers such as Plaintiffs.

60. Plaintiffs are informed and believe and thereon allege that Defendants carelessly and negligently researched, designed, developed, manufactured, assembled, inspected, marketed, sold and shipped the Window Products which violated and breached the prevailing standard of care and duties Defendants owed to Plaintiffs. Defendants' negligence is a substantial factor in causing the defects in the Window Products and damages to the Property as hereinabove alleged in paragraphs 19, 20 and 23.

Verboon, Milstein & Peter, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

FIRST AMENDED [CLASS ACTION] COMPLAINT FOR DAMAGES

1       WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, for

2   the following damages.

3       FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION

4       1.      Actual Damage;

5       2.      The cost to remove the Window Products, and replace them with new windows and

6               sliding glass doors that are not defective.

7       3.      For expert costs;

8       4.      For the cost to investigate Plaintiffs' claims;

9       5.      For attorney's fees and costs of suit pursuant but not limited to the provisions of

10              Code of Civil Procedure § 1021.5.

11      6.      For such other and further relief as the Court deems just and proper.

12

13  DATED: April 14, 2005                          VERBOON, MILSTEIN & PETER, LLP

14

15

16                                     By:  _____

17                                             Launa N. Everman
                                               Attorneys for Plaintiffs,
                                               Darrwin and Sandra Lankford

18

19

20

21

22

23

24

25

26

27

28

*Verboon, Milstein & Peter, LLP*
*2800 Donald Douglas Loop North*
*Santa Monica, CA 90405*

12

**FIRST AMENDED [CLASS ACTION] COMPLAINT FOR DAMAGES**

MAY 10 2005

First Amended
# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA C

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BILTBEST PRODUCTS, INC., a Delaware corporation; BILTBEST OF
CALIFORNIA, INC., a Delaware Corporation; BILTBEST WINDOWS,
an unknown business entity; (Please see Additional Parties Attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DURRWIN AND SANDRA LANKFORD, individually and on behalf
of all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/español), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/español) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Sacramento<br>720 9th Street<br>Sacramento, California 95814 | CASE NUMBER:<br>*(Número del Caso):*   05 AS 00624 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
VERBOON, MILSTEIN & PETER, LLP, Wayne Kreger, SBN 154759, Telephone: (310)396-9600
2800 Donald Douglas Loop North, Santa Monica, California 90405

| | | | | |
|---|---|---|---|---|
| DATE: APR 14<br>*(Fecha)* | | Clerk, by _M Talle_<br>*(Secretario)* | | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Biltbest of California, Inc.,
   & Biltbest Windows
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
courtinfo.ca.gov

1000H864.tif · 4/14/2005 2:06:38 PM

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lankford, et al., v. Biltbest Products, Inc., et al. | 05AS00624 |

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

BILTBEST WINDOWS AND PATIO DOORS, an unknown business entity; MW MANUFACTURERS, HOLDING CORP., a Delaware corporation; US INDUSTRIES, INC., an unknown business entity; and DOES 1-100, inclusive

Page _____ of _____

Form Adopted by Rule 982(a)(9)(A)
Judicial Council of California
982(a)(9)(A) [New January 1, 1993]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.USCourtForms.com

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am over the age of 18 and not a party to the within action; I am employed by Baker, Keener & Nahra in the County of Los Angeles at 633 West Fifth Street, 54th Floor, Los Angeles, California, 90071.

On June 8, 2005, I served the foregoing document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. Section 1441(b) (DIVERSITY)** by placing true copies thereof enclosed in sealed envelope(s), as follows:

☑ **(BY MAIL)** I caused to be placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of BAKER, KEENER & NAHRA, at the address set forth and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of BAKER, KEENER & NAHRA for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☐ **(BY FACSIMLE)** I caused the above-referenced document(s) to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I caused to be placed said document(s) in envelope(s) for collection following ordinary business practices, at the offices of BAKER, KEENER & NAHRA, at the address set forth and addresses as shown on the attached service list, for collection and delivery to a courier authorized by * to receive said document(s), with delivery fees provided for. I am readily familiar with the practice of BAKER, KEENER & NAHRA for collection and processing document(s) for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

☐ **(PERSONAL SERVICE)** I caused to be delivered such envelope(s) by hand to the offices of the addressee(s).

☐ **(STATE)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☑ **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 8, 2005 at Los Angeles, California.

_____
KIMBERLEY L. MIJARES

520-3142-0050

1

## SERVICE LIST

2

### *DURRWIN & SANDRA LANFORD, et al. v. BILTBEST PRODUCTS, INC..*
### Sacramento County Superior Court Case No.: 04AS00624

3

| | |
|---|---|
| Wayne S. Kreger, Esq.<br>Paul D. Stevens, Esq.<br>Luana N. Everman, Esq.<br>VERBOON, MILSTEIN & PETER<br>2800 Donald Douglas Loop North<br>Santa Monica, CA 90405<br>(310) 396-9600<br>(310) 396-9635-FAX<br><br>Counsel for Plaintiffs | |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

520-3142-0050