1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10
                                  ----oo0oo----
11

12  DURRWIN and SANDRA LANKFORD,
    individually and on behalf of
13  all others similarly situated,
                                          NO. CIV. S 05-1147 MCE PAN
14          Plaintiffs,

15      v.                                MEMORANDUM AND ORDER

16  BILTBEST PRODUCTS, INC., a
    Delaware corporation; BILTBEST
17  OF CALIFORNIA, INC., a
    Delaware corporation; BILTBEST
18  WINDOWS, an unknown business
    entity; BILTBEST WINDOWS AND
19  PATIO DOORS, an unknown
    business entity; MW
20  MANUFACTURERS, INC., a
    Delaware corporation; MW
21  MANUFACTURERS HOLDING CORP., a
    Delaware corporation; U.S.
22  INDUSTRIES, INC., an unknown
    business entity; and DOES 1-
23  100, inclusive,

24          Defendants.

25                                ----oo0oo----

26
        Through the present class action suit, Durrwin and Sandra
27
    Lankford ("Plaintiffs") allege that Biltbest Products, Inc.,
28

                                       1

Biltbest of California, Inc., Biltbest Windows, Biltbest Windows
and Patio Doors, MW Manufacturers, Inc., MW Manufacturers Holding
Corp., and U.S. Industries, Inc. (collectively, "Defendants") are
strictly liable for damages they suffered as the result of
defective windows installed in their home.  Plaintiffs filed
their First Amended Complaint in the Superior Court of California
in and for the County of Sacramento on April 14, 2005.  Biltbest
of California, Inc. ("Biltbest") filed its Notice of Removal to
this Court based on diversity jurisdiction on June 8, 2005.  On
July 7, 2005, Plaintiffs filed a motion for remand on the ground
that defendants failed to demonstrate the requisite amount in
controversy necessary for diversity jurisdiction.  For the
reasons set forth below, Plaintiffs' motion for remand is
denied.[1]

**BACKGROUND**

This suit, brought by California homeowners, involves
alleged design defects in aluminum windows and sliding glass
doors manufactured and installed by Defendants.  The Plaintiffs
named thus far are residents of the City of Elk Grove, in
Sacramento County, who purchased mass-produced, single-family
homes that contained Defendants' windows and sliding glass doors.
On February 14, 2005, Plaintiffs filed claims in the superior
court for strict products liability, breach of implied warranty

---

[1]Because oral argument will not be of material assistance,
the Court orders this matter submitted on the briefs.  E.D. Cal.
Local Rule 78-230(h).

of fitness, breach of implied warranty of merchantability, breach
of express warranty and negligence.

**STANDARD**

A defendant may remove any civil action from state court to
federal district court if the district court has original
jurisdiction over the matter.  28 U.S.C. § 1441(a).  Generally,
district courts have original jurisdiction over civil actions in
two instances: (1) where there is complete diversity between the
parties, or (2) where a federal question is presented in an
action arising under the Constitution, federal law, or treaty.
28 U.S.C. §§ 1331 and 1332.

The removing party bears the burden of establishing federal
jurisdiction.  Ethridge v. Harbor House Rest., 861 F.2d 1389,
1393 (9th Cir. 1988).  Furthermore, courts construe the removal
statute strictly against removal.  Shamrock Oil & Gas Corp. v.
Sheets, 313 U.S. 100, 108 (1941); Gaus v. Miles, Inc., 980 F.2d
564, 566 (9th Cir. 1992) (citations omitted).  If there is any
doubt as to the right of removal in the first instance, remand
must be granted.  See Gaus, 980 F.2d at 566.  Therefore, if it
appears before final judgment that a district court lacks subject
matter jurisdiction, the case shall be remanded to state court.
28 U.S.C. § 1447(c).

Any civil action may be removed to federal district court so
long as original jurisdiction would lie in the court to which the
case is removed.  28 U.S.C. § 1441(a).  Jurisdiction founded on
28 U.S.C. § 1332 requires that the parties be in complete

diversity and the amount in controversy exceed $75,000.  <u>Matheson</u> <u>v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003).

If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney fees accrued in response to the defendant's removal.  28 U.S.C. § 1447(c).  The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. <u>Balcorta v. Twentieth-Century Fox Film Corp.</u>, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

**ANALYSIS**

As noted above, Defendants bear the burden of establishing federal jurisdiction.  Where diversity is the ground for federal jurisdiction, the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and is between the citizens of different states.  <u>See</u> 28 U.S.C. § 1332(a)(1).

The Parties concede that this matter is between the citizens of different States.  The salient issue raised by this motion is whether Defendants have satisfactorily demonstrated that the value of the matter in controversy exceeds $75,000.

**Amount in Controversy**

When jurisdiction is founded on diversity, the removing party bears the burden of showing that the amount in controversy

4

1    exceeds $75,000.  Matheson, 319 F.3d at 1090-1091.  In cases

2    where a plaintiff's state court complaint does not specify a

3    particular amount of damages, the removing defendant bears the

4    burden of establishing, by a preponderance of the evidence, that

5    the amount in controversy exceeds $75,000.  See Sanchez v.

6    Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

7    Under this burden, the defendant must provide evidence

8    establishing that it is more likely than not that the amount in

9    controversy exceeds $75,000.  Id. (internal citations and

10   quotations omitted.)  Defendants may rely upon facts presented in

11   the removal petition as well as any summary judgement type

12   evidence relevant to the amount in controversy at the time of

13   removal.  See Matheson, 319 F.3d at 1090-1091.

14       Plaintiffs first offer to stipulate to a damage claim of

15   less than $75,000 as a means of defeating diversity jurisdiction.

16   Defendants correctly note that the amount in controversy for

17   determining federal jurisdiction must be determined from the

18   pleadings as they exist at the time a petition for removal is

19   filed.  Eagle v. Am. Tel. & Tel. Co., 769 F.2d 541, 545 (9th Cir.

20   1985).  Consequently, Plaintiffs' offer to stipulate is

21   irrelevant to ascertaining the propriety of federal jurisdiction.

22       Defendants aver that the amount in controversy is met

23   because Plaintiffs are praying for actual damages, the removal

24   and replacement of all defective windows and sliding glass doors,

25   expert costs, the cost of investigation, and attorney's fees

26   pursuant to section 1021.5 of the California Code of Civil

27   Procedure.  Pl.s' First Am. Compl., P. 12.  Plaintiffs rebut that

28   neither the expert costs, the cost of investigation nor

5

attorney's fees may be considered when calculating the amount in controversy.

### a.   Expert Costs and Costs of Investigation

Both Parties concede, and this Court agrees, that the actual cost of repairing and replacing defective windows and doors may be considered in calculating the amount in controversy.[2] Conversely, the Parties dispute whether investigation and expert costs are properly included in the amount in controversy calculation.  Plaintiffs point to 28 U.S.C. § 1332(b) which provides that the amount in controversy is determined without regard to the costs of suit.  The question, however, becomes whether the cost of investigation and retaining an expert is to be considered a "cost of suit" or whether it is a measure of damage.

When defining what constitutes a "cost of suit" versus a

---

[2]Defendants assert that each home has between twelve and eighteen windows that would require sizeable expense to repair and replace.  Specifically, Defendants would be required to perform the following tasks to repair and replace any defective windows: Demolition of exterior stucco system around each window up to 12" around the window; the stucco system and water proof barrier, including the building paper, must be removed up to 12" around the window; the window product itself must be removed from the wood frame; the building structure, including the wood frame at the window opening, must be inspected and any resultant damage from the allege leaking window product must be repaired; the wood frame window opening must be prepared to accept the new window' the new window, if not the precise measurement of the removed window, would require either enlarging or shrinking of the existing wood frame opening; the new window must be installed; new water proof barrier must be installed and reintegrated with the existing water proof system around the window; a new stucco system must be installed around the window; and the exterior of the home must be repainted lest the new paint around the windows not match the remainder of the home.

1  measure of damage, the Court must consider whether to apply state

2  or federal law.  It is well established that state law controls

3  the substance of a diversity lawsuit, but federal law controls

4  the procedure by which the district court oversees that

5  litigation.  See Hanna v. Plumer, 380 U.S. 460, 473, 14 L. Ed. 2d

6  8, 85 S. Ct. 1136 (1965).  A state law authorizing costs of any

7  kind as an element of damages creates a substantive right in

8  diversity actions.  Clausen v. M/V New Carissa, 339 F.3d 1049,

9  1065 (9th Cir. 2003).  Accordingly, California substantive law

10  dictates what costs are to be considered damage for purposes of

11  calculating the amount in controversy.

12      Pursuant to section 1033.5(b) of the California Code of

13  Civil Procedure, fees of experts not ordered by the court and the

14  cost of investigation in preparing a case for trial are not

15  allowable as costs for purposes of awarding a prevailing party

16  its costs.  While this alone does not establish that they should

17  be considered damage, it does clarify that they are not allowable

18  as costs for certain purposes.  With respect to construction

19  defect cases, at least one California court has held that expert

20  costs are a part of the damage rather than the cost of suit.  See

21  Stearman v. Centex Homes, 78 Cal. App. 4th 611 (Cal. Ct. App.

22  2000).  Specifically, the court reasoned that, "[i]t would be

23  proper to view this $250,000 expert expense as damages due for a

24  portion of the cost of repair, which is an appropriate measure of

25  damages in cases based on damage to real property."  Id. at 624.

26      In sum, the Court finds that the cost of investigation as

27  well as expert costs are properly considered a part of the damage

28  to Plaintiffs rather than the cost of suit and, therefore,

7

properly considered in calculating the amount in controversy for purposes of diversity jurisdiction.

### b.  Attorney's Fees

Plaintiffs argue that attorney's fees should not be considered in evaluating whether the amount in controversy has been satisfied.  Defendants urge precisely the opposite.

As an initial matter, 28 U.S.C. § 1332(b) does permit consideration of attorney's fees in the amount in controversy analysis if they are recoverable by statute or contract.  Here, Plaintiffs are seeking to recover at least part of their attorney's fees pursuant to section 1021.5 of the California Code of Civil Procedure.  Pl.s' Compl., P. 12.  While Plaintiffs are clearly seeking to recover some part of their attorney's fees pursuant to statute, the whole of that amount cannot be attributed solely to them for purposes of calculating the amount in controversy.  In fact, the Ninth Circuit has held that "...attorney's fees are not awarded solely to the named plaintiffs in a class action, and that they therefore cannot be allocated solely to those plaintiffs for purposes of amount in controversy.  <u>Gibson v. Chrysler Corp.</u>, 261 F.3d 927, 942 (9th Cir. 2001).  Accordingly, only the share attributable to Plaintiffs themselves may be considered in assessing the amount in controversy.

Even considering only a small allocation of attorney's fees to Plaintiffs, the Court finds that the actual cost of repairing and replacing twelve (12) to eighteen (18) windows and doors in

Plaintiffs' home together with the expert costs and the
investigative costs is more likely than not sufficient to satisfy
the $75,000 jurisdictional amount.

**CONCLUSION**

The Court finds that Plaintiffs are completely diverse in
citizenship from Defendants and the minimum amount in controversy
is met.  Accordingly, jurisdiction properly lies in this Court.
Plaintiffs' motion to remand this case to the state court is
DENIED and Plaintiffs shall bear their own costs for seeking
remand of this action.

IT IS SO ORDERED.

DATED: October 20, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE